ALOE COAL COMPANY and Commercial Union Insurance Co.

v.

CLARK EQUIPMENT COMPANY.

Civ. A. No. 83–1329.

United States District Court,
W.D. Pennsylvania.

Dec. 5, 1985.

David Groth, Philadelphia, Pa., and Richard Dorfzaun, Pittsburgh, Pa., for plaintiffs.

Arthur R. Gorr, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiffs have moved for partial summary judgment in this products liability action. They seek to establish, by reason of offensive collateral estoppel, that the 475–B tractor shovel at issue here was defectively designed. Plaintiffs have provided along with their motion a brief and supporting materials. Defendant has opposed this motion with a brief and supporting evidentiary materials to which plaintiffs have replied.

Plaintiffs cite two prior cases in which federal judges determined without a jury that defendant's 475–B tractor shovel was defectively designed.[1]

In these cases the defect consisted of a design which permitted leaking fluid from a ruptured high-pressure hydraulic base or pump to spray or to be drawn by the tractor's airflow into the engine compartment where it could contact ignition sources.

Defendant relies on three arguments in opposition. Defendant urges that collateral estoppel should not be applied here because:

1) prior judgments on the subject are in conflict;

---

1. *Rudd Construction Equipment Company, Inc. v. Clark Equipment Co.*, No. C79–0314L(A), slip. op. (W.D.Ky., March 30, 1982), *aff'd,* 735 F.2d 974 (6th Cir.1984); *C & S Fuel Inc. v. Clark Equipment Co.*, 552 F.Supp. 340 (E.D.Ky.1982), *aff'd per curiam,* 727 F.2d 1108 (6th Cir.1984).

We note that in the *C & S Fuel* case, the court ultimately decided for the defendant based on a finding of substantial change in condition. The specific finding of defective design was therefore not necessary to support the judgment entered in that action. Also in the *Rudd* case, the Appellate Court questioned the validity of the district court's awarding damages based on a tort theory of strict liability. The Appellate Court after considering damages under tort and contract theories, based its decision of the proper damage figure solely on the breach of warranty claim, concluding that a tort recovery would entitle the plaintiff to no more than that claim was worth on the contract cause of action.

2) there is no mutuality; i.e. since plaintiffs were not parties to the prior cases they would not be bound by the earlier decision;

3) the cases do not involve the same subject matter or issues; defendant has not had a full opportunity to litigate the issues.

Our decision requires a determination of whether non-mutual offensive issue preclusion would be unfair to the defendant. We conclude that it would be and will deny the preclusive effect for the following reasons. Defendant has cited us to three cases[2] in which defendant represents other plaintiffs asserted the same theory of defect. Nonetheless in each of those cases, a verdict in favor of Clark Equipment Company was rendered. In one of those cases, the *Fireman's Fund* case, the lack of a defect was established by the jury's negative response to a special interrogatory. In another, the *Tower Resources* case, the judge tried the case non-jury making a specific finding that no defect was established. Defendant further attempts to discredit the plaintiffs' reliance on the *Rudd* case by arguing that the appellate court decision rendered the district court's finding of defect moot. (*See*, n. 1.)

Plaintiffs counter these arguments by explaining that the cases cited by the defendant are not in fact inconsistent. Plaintiffs represent that the theory of liability in the *Mulzer Crushed Stone* case was not the same as that in the present case and no special interrogatory was submitted to the jury in that case. No final judgment has been rendered in the *Fireman's Fund* case which is presently on appeal, and the defect alleged there was not the same as the defect in design alleged in the present case. The *Tower Resources* opinion is distinguishable in that the finding was based on a Kentucky statute that altered 402A liability and created a presumption in favor of the manufacturer that the product was not

defective under certain conditions there applicable.

Given the arguments of both sides, we do not believe that this is a strong case for the use of non-mutual collateral estoppel. In addition to the arguments that the findings of defect were not essential to the judgments in the cases cited, and the argument that, however distinguishable, there are prior inconsistent judgments, we believe that there is not that much to be gained by estopping defendant from relitigating this issue. Some testimony regarding the defect would be necessarily taken at trial if for nothing more than to provide a necessary background to proving causation.

For these reasons, we will deny plaintiff's motion for partial summary judgment.

2. *Tower Resources v. Clark Equipment Co.*, No. 81–CI–641, slip op. at 4. (Hopkins Cir.Ct. KY, June 14, 1984); *Mulzer Crushed Stone v. Clark Equipment Co.*, No. IP–81–927–C (S.D.Ind. March 24, 1984); *Fireman's Fund Insurance Co. v. Clark Equipment Co.*, No. 21294 (Ct. of Common Pleas, OH June 1985).